IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC AICHER,

    Plaintiff,

v.                                           Civ. No. 2:15-00552 JB/SCY

A. ALI, ACCESS CORRECTIONS,
J. STEWART, FNU EWING,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Plaintiff's Motions for Appointment of Counsel, filed June 29, 2015 and September 14, 2015. ECF Nos. 3, 13. For the reasons set forth below, Plaintiff's motions are **denied** at this time.

Plaintiff commenced this action on June 29, 2015, against Defendants for violations of "the Americans with Disabilities Act . . . , the Unfair Trades Practice Act, Mail Fraud using the U.S. Postal Service, . . . First, Eighth, and Fourteenth Amendments, Negligence, [and] Theft." *See* Pl. Compl. at 2, ECF No. 1. Plaintiff's claims arise from Defendants' alleged failure to deliver an MP3 player, an accessory power cord, and prepaid music that Plaintiff purchased for approximately $500.00 using funds in his inmate account. *Id.* Plaintiff is presently incarcerated. *Id.* On July 14, 2015, the Court granted Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. *See* ECF No. 5.

Plaintiff now asks the Court to appoint counsel in this matter pursuant to 28 U.S.C. § 1915(e)(1), which provides that the Court "may request an attorney to represent any person unable to afford counsel." ECF Nos. 3, 13. "28 U.S.C. § 1915(e)(1) grants the trial court

1

discretion to appoint an attorney for a prison litigant otherwise unable to afford counsel, but there is no automatic right to appointment of counsel in a civil rights case." *Rouse v. Colo. State Bd. of Parole et al.*, 242 F. App'x 498, 501 (10th Cir. 2007) (unpublished). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). "In evaluating a prisoner's request for appointed counsel, the court should consider the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006) (quotation and citation omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

After careful review of the record, the Court will decline to request pro bono counsel for Plaintiff at this time. Plaintiff's incarceration and his inability to afford counsel are not sufficient reasons to warrant the appointment of counsel in this case. Although Plaintiff claims various health conditions[1] have allegedly hindered his ability to represent himself, the Court has reviewed Plaintiff's complaint and finds that Plaintiff appears to understand the issues in his case and is representing himself in an intelligent and capable manner notwithstanding these health issues. Furthermore, Plaintiff has been able to investigate and adequately present the factual basis for his claims, as demonstrated by his complaint (ECF No. 1), which includes a summary of supporting facts and a timeline (Exhibit D), as well as Plaintiff's motion to compel discovery (ECF No. 9), which includes declarations from other inmates as well as correspondence between various individuals chronicling Plaintiff's efforts to locate the items and secure their delivery.

---

[1] Although Plaintiff does not provide any supporting documentation, he states that he has Alzheimer's, cataracts in both eyes, and macular eye degeneration. ECF No. 3 at 2.

In addition, the Court is not convinced that there is sufficient complexity to Plaintiff's claims to warrant the appointment of counsel. Plaintiff would, as he claims, likely be able to present his claims more effectively if an attorney represented him. ECF No. 3 at 2, ECF No. 13 at 2. However, this is true of virtually any pro se litigant. *See, e.g., Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."). Lastly, to the extent that Plaintiff asserts he has limited access to a law library and limited knowledge of the law, the Court is not convinced that these are adequate reasons to warrant the appointment of counsel because Plaintiff thus far appears to have "a firm grasp of the fundamental issues in his case." *Id.*; *see also Amin v. Voigtsberger*, 560 F. App'x 780, 786 (10th Cir. 2014) (unpublished) (affirming denial of counsel despite allegations of inability to fully access a law library and understand legal materials where the claim was not complex and plaintiff was able to investigate and present his claims before the district court). Because Plaintiff has no right to appointed counsel in this matter and has not met his burden of persuading the Court that his claims warrant the appointment of counsel, Plaintiff's motions will be denied at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions to Appoint Counsel (ECF Nos. 3, 13) are **DENIED**. In addition, the Clerk is directed to mail Plaintiff a copy of the Court's "Guide for Pro Se Litigants."

**IT IS SO ORDERED.**

                                                                                 UNITED STATES MAGISTRATE JUDGE