**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ERIC AICHER,

     Plaintiff,

     vs.                                              No. CIV 15-0552 JB/SCY

A. ALI, ACCESS CORRECTIONS;
J. STEWART; and ROBERT EWING,

     Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on Plaintiff Eric Aicher's Response to Order to Show Cause, filed August 25, 2016 (Doc. 35)("Response").   In the Order to Show Cause, filed August 4, 2016 (Doc. 30)("Order"), the Honorable Steven C. Yarborough, United States Magistrate Judge for the District of New Mexico, provides that the notice and waiver of service forms mailed to Defendant A. Ali have been returned as undelivered, and that Defendant Robert Ewing -- in Defendant Ewing's Answer to Complaint and Amended Complaint, filed August 1, 2016 (Doc. 26) -- has stated that "[n]o employee identifiable as 'A. Ali' was employed by [the New Mexico Department of Corrections ("NMCD")] as of August 1, 2016," and "NMCD has identified no record of anyone with the last name 'Ali' who was ever employed in the capacity alleged by Plaintiff (mailroom clerk at CNMCF)."   Order at 1.   The Court ordered Plaintiff to provide a current address for serving process on Defendant Ali or show cause why his claims against Defendant Ali should not be dismissed.   See Order at 2.

In response, Plaintiff Eric Aicher states that he has searched "[a]vailable listings in the phone book as well as listings on-line with the use of a computer," but has been unable to locate a

current address for serving process on Defendant Ali.   Response at 2.   Aicher requests permission to serve process on Ali by publication.   See Response at 2.   Alternatively, Aicher "accept[s] the Court's decision to dismiss Defendant A. Ali from this cause of action."   See Response at 2.

Rule 4(e) of the Federal Rules of Civil Procedure provides that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."   Fed. R. Civ. P. 4(e)(1).   New Mexico Rule 1-004(F) requires personal service of process upon an individual and specifies various methods in which personal service of process may be accomplished.   See NMRA 1-004(F).   If personal service of process cannot reasonably be accomplished in accordance with Rule 1-004(F), however, then constructive service is permitted under Rule 1-004(J), which provides as follows:

> Upon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

NMRA Rule 1-004(J).   "Due process prohibits the use of constructive service where it is feasible to give actual notice" and, therefore, the New Mexico Courts have cautioned that service by publication is a valid means of service of process only for those persons "whose whereabouts could not with due diligence be ascertained."   Classen v. Classen, 1995-NMCA-022, ¶12, 893 P.2d 478, 482 (internal quotation marks and citation omitted).

Aicher has failed to demonstrate by affidavit that personal service on Ali cannot reasonably

be accomplished in accordance with Rule 1-004(F).  The Court will therefore deny Aicher's request for service of process by publication.

As previously explained, "[t]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service -- rather than obliging courts to assist in this endeavor -- even when the plaintiffs are in prison."   Washington v. Correia, 546 F. App'x 786, 789 (10th Cir. 2013)(unpublished).   Aicher has failed to provide a current address for personal service of process on Ali.   The Court will therefore dismiss Aicher's claims against Ali without prejudice.   The Court will also dismiss Ali as a party.

**IT IS ORDERED** that the Plaintiff's request in Plaintiff's Response to Order to Show Cause, filed August 25, 2016 (Doc. 35), for service of process on Defendant Ali by publication is denied; the Plaintiff's claims against Ali are dismissed without prejudice; and Ali is dismissed as a party.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*

Eric Aicher
Lea County Correctional Facility
Hobbs, New Mexico

   *Plaintiff, pro se*

- 3 -