# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ERIC AICHER,

    Plaintiff,

v.                                                                             Civ. No. 2:15-00552 JB/SCY

ACCESS CORRECTIONS,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on (1) Plaintiff's Motion to Oppose N.M. Dept. of Correction's[1] from entering into Case Nos. 2:15-cv-00552 JB/SCY and 1:16-cv-00914 MCA/SMV (Doc. 38); (2) Defendant Access Corrections'[2] Motion to Strike Inappropriate and Untrue Statements of Plaintiff Concerning Settlement Discussions and Other Communications of Counsel (Doc. 40); and (3) Defendant Access Corrections' Motion to Dismiss or, alternatively, Motion for Summary Judgment (Doc 48). United States District Court Judge James O. Browning referred this matter to me for proposed findings and a recommended disposition. Doc. 4.

Having reviewed the submissions of the parties, the record, and the relevant law, I recommend that the Court: (1) deny as moot Plaintiff's Motion to Oppose (Doc. 38); (2) deny Defendant Access Corrections' Motion to Strike (Doc. 40); and (3) deny Defendant Access Corrections' Motion to Dismiss or, alternatively, Motion for Summary Judgment (Doc. 48).

---

[1] The correct name for this entity is New Mexico Corrections Department. *See* Doc. 44.
[2] Defendant indicates that it has been mistakenly identified in Plaintiff's complaint as Access Corrections. Its correct name is Keefe Commissary Network, LLC d/b/a Access Corrections, a Missouri limited liability company. Doc. 40 at 1; Doc. 48 at 1.

**I.   Plaintiff's Motion to Oppose (Doc. 38)**

On September 1, 2016, Plaintiff filed this motion asking the Court to "not allow" New Mexico Corrections Department (NMCD) to "leave" a case he filed in the Fifth Judicial District Court for the State of New Mexico, D-506-CV-2015-00672, that names NMCD as a Defendant and that was removed to federal court on August 11, 2016. *See Aicher v. N.M. Department of Corrections et al.*, 1:16-cv-00914 MCA/SMV. As grounds for seeking this relief, Plaintiff states that his federal claims are against NMCD employees rather than NMCD as an entity. *Id*. at 1-2. Plaintiff also states that he has not filed a federal civil action against NMCD. *Id*. It thus appears that the relief Plaintiff seeks is for his state claims against NMCD to remain in state court. The remainder of Plaintiff's motion to oppose refers to settlement discussions between Plaintiff and NMCD. *See id*. at 2. On September 16, 2016, NMCD employee Defendant Ewing filed a response to Plaintiff's motion. Doc. 42.

I recommend that the Court deny Plaintiff's motion as moot for the following reasons. First, shortly after Plaintiff filed the motion, Plaintiff reached a settlement agreement with NMCD that led to the dismissal with prejudice of all claims Plaintiff has raised in this case against NMCD employees. *See* Docs. 44, 46 (October 28, 2016 Order of Dismissal). Second, on September 27, 2016, Chief United States District Court Judge M. Christina Armijo entered a Memorandum Opinion and Order of Remand in 16cv914 MCA/SMV remanding that case to the Fifth Judicial District Court due to a lack of federal subject matter jurisdiction. *See* Doc. 14 (16cv914 MCA/SMV). NMCD was then dismissed as a party in the state case on the basis of the settlement reached between Plaintiff and NMCD. *See* Order Granting Joint Motion for Dismissal, *Aicher v. NM Department of Corrections et al*, No. D-506-CV-2015-00672, filed Oct.

21, 2016.[3] Furthermore, a final judgment was issued on May 19, 2017 resolving the state case in its entirety. *See* Order Granting Defendant Access Corrections' Motion for Summary Judgment, *Aicher v. NM Department of Corrections et al*, No. D-506-CV-2015-00672, filed May 19, 2017.

Based on the settlement between Plaintiff and NMCD as well as the resolution of the state case, the Court finds that the relief sought by Plaintiff is moot. I therefore recommend that Plaintiff's Motion to Oppose (Doc. 38) be denied on this basis.

II. **Defendant Access Corrections' Motion to Strike (Doc. 40)**

On September 9, 2016, Defendant Access Corrections (hereinafter "Defendant") moved to strike two of Plaintiff's filings in this case: (1) a letter from Plaintiff to the Court, filed July 14, 2016 (Doc. 29); and (2) the affidavit of Fred Silva, filed August 15, 2016 (Doc. 34). Doc. 40. Mr. Silva is incarcerated at the same facility as Plaintiff. *See* Doc. 34.

Defendant argues that the Court should strike Plaintiff's letter (Doc. 29) because it describes settlement communications between Plaintiff and defense counsel. Doc. 40 at 1. Defendant seeks to strike Mr. Silva's affidavit (Doc. 34) on a similar basis, arguing that it restates settlement discussions between Plaintiff and defense counsel. *Id*. at 2. Defendant further claims that both Plaintiff's letter and Mr. Silva's affidavit offer inaccurate representations of the communications and that Plaintiff is attempting to make defense counsel "a witness in this case." *Id*. at 2-3. Defendant also indicates that it has advised Plaintiff that counsel for Defendant will no longer accept his telephone calls and all future communications will be in writing. *Id*. at 2.

The only authority Defendant cites in support of its motion to strike is Rule 7(b) of the Federal Rules of Civil Procedure. *Id*. at 2. Specifically, Defendant contends that Plaintiff's letter

---

[3] The Court takes judicial notice of the state court records. *See Perea v. Hatch*, 2017 WL 3225484, at *1 (D.N.M. July 28, 2017) (Browning, J.) (stating that this Court may take judicial notice of official New Mexico court records accessed through the Supreme Court of New Mexico's Secured Online Public Access service).

3

and Mr. Silva's affidavit must be stricken because both filings violate Rule 7(b). Defendant's reliance on Rule 7(b) is misplaced. Rule 7(b) sets forth the form and general requirements for motions filed in federal court.[4] *See Calderon v. Kan. Dep't of Soc. & Rehab. Services*, 181 F.3d 1180, 1186 (10th Cir. 1999) (stating that Rule 7(b) "governs the requirements for all motions and provides that any motion 'shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.'") (internal citation omitted). Rule 7(b) is inapplicable in this case because Plaintiff's letter and Mr. Silva's affidavit are plainly not motions or filings seeking a court order for relief. Rather, it appears that Plaintiff filed both documents primarily to summarize his alleged communications with counsel for Defendant. I therefore recommend that the Court deny Defendant's motion to the extent it seeks relief under Rule 7(b). That being said, motions to strike are generally filed in federal court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. I therefore next consider Defendant's motion to strike under Rule 12(f).

   a. *Law Governing Motions to Strike*

In *Daye v. Cmty. Fin. Serv. Centers, LLC*, 233 F.Supp.3d 946, 987-89 (D.N.M. Jan. 20, 2017) (Browning, J.), the Court set forth the relevant law governing motions to strike:

> Rule 12(f) of the Federal Rules of Civil Procedures provides:
>     (f) **Motion to Strike**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>         (1) on its own; or

---

[4] Rule 7(b)(1) of the Federal Rules of Civil Procedure states that:
   (b) Motions and Other Papers.
       (1) In General. A request for a court order must be made by motion. The motion must:
           (A) be in writing unless made during a hearing or trial;
           (B) state with particularity the grounds for seeking the order; and
           (C) state the relief sought.

> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Professors Charles Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy ….

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004) (footnotes omitted). *Accord Burget v. Capital W. Sec., Inc.*, 2009 WL 4807619, at *1 (W.D. Okla. December 8, 2009) (Miles-LaGrange, C.J.) (citing *Scherer v. U.S. Dep't of Educ.*, 78 Fed.Appx. 687, 689 (10th Cir. 2003) (unpublished)) ("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.").
    "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." *Estate of Gonzales v. AAA Life Ins. Co.*, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012) (Browning, J.) (quoting *Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.*, 2010 WL 132414, at *5 (N.D. Okla. January 8, 2010) (Egan, J.). "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Friends of Santa Fe Cnty. v. LAC Minerals, Inc.*, 892 F.Supp. 1333, 1343 (D.N.M. 1995) (Hansen, J.) (quoting *Carter-Wallace, Inc. v. Riverton Lab., Inc.*, 47 F.R.D. 366, 368 (S.D.N.Y. 1969)) (internal quotation marks omitted). Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C Wright & Miller, *supra*, § 1382, at 458-60 (footnotes omitted).

*See Daye*, 233 F.Supp.3d at 987-88.

*b. Analysis*

Defendant's motion to strike fails to meet the stringent standards Rule 12(f) requires. First, "[b]y its express language, . . . [R]ule 12(f) applies only to material contained in a 'pleading.'" *See Ysais v. N.M. Judicial Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. Mar. 31, 2009) (Browning, J.). Rule 7(a) of the Federal Rules of Civil Procedure defines "pleadings" as a complaint or a third-party complaint; an answer to a complaint, a counterclaim, a crossclaim, or a third-party complaint; and if the court orders one, a reply to an answer. Fed.R.Civ.P. 7(a). "Generally, therefore, motions, briefs, and memoranda may not be attacked by a motion to strike." *See Ysais*, 616 F.Supp.2d at 1184; *see also Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Employees*, 2009 WL 5210498, at *1 (D.Colo. Dec. 23, 2009) (Daniel, C.J.) ("[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.") (internal citation omitted). Therefore, because Plaintiff's letter and Mr. Silva's affidavit are not pleadings, it is inappropriate to strike them under Rule 12(f). *See Skyline Potato, Co., Inc. v. Hi-Land Potato Co., Inc.*, 2012 WL 6846386, at *6-7 (D.N.M. December 31, 2012) (Browning, J.) (denying motion to strike a letter because the letter was not a pleading and did not plead any defense or matter).

Additionally, since Defendant has taken steps to remedy the issue by limiting itself to written communications with Plaintiff in the future, the Court should deny the motion in light of the general principle that motions to strike are disfavored and considered drastic remedies. Finally, although the filings may very well have limited probative value, I am not convinced that the filings "have no possible bearing on the controversy." *Estate of Gonzales*, 2012 WL 1684599, at *12. For these reasons, I recommend denying Defendant's motion to strike.

### III. Defendant's Motion to Dismiss, or alternatively, Motion for Summary Judgment (Doc. 48)

Defendant next seeks dismissal or, alternatively, the grant of summary judgment on Plaintiff's claim under the New Mexico Unfair Practices Act ("NMUPA"), NMSA 1978, § 57-12-1 *et seq*. Doc. 48. Because Plaintiff is proceeding pro se, the Court affords his filings a liberal construction, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but will not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). *See also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . . At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." (internal citation omitted)).

a. *Plaintiff's Complaint*

Plaintiff alleges that, in 2014, he ordered and paid for an mp3 player, accessory power cord and prepaid music from Defendant. Doc. 1 at 3, 4-8. Plaintiff alleges that he was "lead [sic] to believe" these items would be sent to him by Defendant, but the items were never delivered into his possession. *Id*. In addition to raising a number of other claims against Defendant and other parties, Plaintiff alleges in his complaint that Defendant violated the NMUPA by "not refunding" the money he paid and by "not sending" him what he paid for. *Id*. at 12. After filing his complaint, Plaintiff submitted various Inmate Purchase Orders and commissary receipts (Doc. 8), as well as a letter from Scott L. Henderson, classification officer at Lea County Correctional Facility in Hobbs, New Mexico (Doc. 10), to support his claims. The Court has construed these filings as supplements to Plaintiff's complaint. *See* Doc. 21 at 3 (May 31, 2016 Mem. Op. and Order).

The Court's initial review of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6) resulted in the dismissal of several of Plaintiff's claims. *See* May 31, 2016 Mem. Op. and Order (Doc. 21). Plaintiff's NMUPA claim against Defendant, however, survived initial review. *See id*. at 13. On November 11, 2016, Defendant moved for dismissal or in the alternative, summary judgment on Plaintiff's NMUPA claim. Doc. 48. Plaintiff responded in opposition to Defendant's motion on November 18, 2016 (Doc. 49), and Defendant filed its reply brief on December 5, 2016. Doc. 50.

    b. *Law Regarding New Mexico Unfair Practices Act (NMUPA) Claims*

The NMUPA provides that "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful." NMSA 1978, § 57-12-3 (1971). There are eighteen enumerated unfair or deceptive trade practices in the NMUPA. *See Hicks v. Eller,* 2012-NMCA-061, ¶ 17, 280 P.3d 304. New Mexico courts have found that there are three essential elements to a NMUPA claim. *Id*. ¶ 18. To prevail on a NMUPA claim, a plaintiff must prove:

> (1) the defendant made an oral or written statement, a visual description or a representation of any kind that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale, lease, rental, or loan of goods or services in the regular course of the defendant's business; and (3) the representation was of the type that may, tends to, or does deceive or mislead any person.

*Id.* (internal citation omitted); *see Diversey Corp. v. Chem-Source Corp.,* 1998-NMCA-112, ¶ 17, 965 P.2d 332 ("The gravamen of an unfair trade practice is a misleading, false, or deceptive statement made knowingly in connection with the sale of goods or services."). "The 'knowingly made' requirement is met if a party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading." *Stevenson v. Louis Dreyfus Corp.*, 1991-NMSC-051, ¶ 17, 811 P.2d

1308. "In addition, the UPA imposes an affirmative duty to disclose material facts reasonably necessary to prevent any statements from being misleading." *Dollens v. Wells Fargo Bank, N.A.*, 2015-NMCA-096, ¶ 14, 356 P.3d 531 (internal citation and quotation marks omitted).

"The language of the UPA encompasses a broad array of commercial relationships and does not require a direct transaction between a plaintiff and a defendant." *Id.* ¶ 17 (internal citation and quotation marks omitted); *see also Maese v. Garrett*, 2014-NMCA-072, ¶ 19, 329 P.3d 713 (holding that it was immaterial that the plaintiffs did not specifically compensate the defendants for financial services rendered, where the defendants received compensation from third parties for investment advice that led the plaintiffs to purchase their products).

   c. *Motion to Dismiss*

Although the Court previously determined that Plaintiff's NMUPA claim against Defendant survives initial review under § 1915(e)(2) and Rule 12(b)(6) (*see* Doc. 21 at 13), Defendant seeks dismissal of the NMUPA claim on the basis that "Plaintiff's [c]omplaint is without grounds upon which a claim can be made against Defendant." Doc. 48 at 4; *see also id.* at 3 (arguing that there are "no allegations which could sustain a claim by Plaintiff"). Although Defendant inexplicably fails to cite to the particular federal rule(s) of civil procedure under which it is seeking dismissal, I presume that Defendant is seeking relief under Rule 12(b)(6) based on the above language in its briefing. *See* Fed.R.Civ.P. 12(b)(6) (motion for failure to state a claim upon which relief can be granted).

"[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, the Court "accept[s] the well-pled

factual allegations in the complaint as true, resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly,* 738 F.3d 1196, 1199 (10th Cir. 2013) (internal citations and quotation marks omitted).

In its motion, Defendant appears to assert that Plaintiff is unable to state a claim for relief because the penal institution, rather than Defendant, had control over "all aspects of the activity of the commissary" and Defendant took "no action or inaction related to the deliver[y] or for which it could have accomplished the delivery (or non-delivery as Plaintiff alleges) of the item Plaintiff ordered." Doc. 48 at 4. In doing so, however, Defendant fails to engage in a proper 12(b)(6) analysis.

Specifically, Defendant fails to explain why Plaintiff's factual allegations in his complaint, accepted as true, fail to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendant offers little in the way of a 12(b)(6) challenge beyond counsel's cursory factual arguments and assertions. Because it is Defendant's burden to show that dismissal is warranted, the Court will not sua sponte engage in this analysis with regard to Plaintiff's NMUPA claim.

Although Defendant does set forth a number of arguments, Defendant attempts to support these arguments not by reference to the Complaint but, rather, through self-serving statements. In determining whether Plaintiff has stated a claim, the Court does not consider defense counsel's numerous factual assertions regarding Defendant's role, or lack thereof, in the alleged non-delivery of the ordered items. *See Front Row Technologies, LLC v. NBA Media Ventures, LLC*, 163 F.Supp.3d 938, 977 (D.N.M. Jan. 4, 2016) (Browning, J.) ("Generally, the sufficiency of a complaint must rest on its contents alone."); *See also Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (stating that "the sufficiency of a complaint must rest on its

contents alone" with limited exceptions for "(1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice."); *See Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1061 (10th Cir. 2009) ("argument of counsel is not evidence").

Finally, the Court already determined that Plaintiff's NMUPA claim survives an initial review under Rule 12(b)(6). In making assertions the Court cannot consider in its 12(b)(6) analysis, Defendant presents nothing that would draw this previous conclusion into question. I therefore recommend that the Court deny Defendant's motion to dismiss.

   d. *Defendant's Motion for Summary Judgment*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine dispute as to any material fact unless the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *S.E.C. v. Thompson*, 732 F.3d 1151, 1156-57 (10th Cir. 2013) (quotation omitted).

The moving party bears the initial burden of "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986). Once the moving party has met this burden, the nonmoving party must identify specific facts that show the existence of a genuine issue of material fact requiring trial on the merits. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

In a case such as this, where the burden of persuasion at trial would be on the nonmovant, the movant can meet Rule 56's burden of production by either (1) providing affirmative evidence negating an essential element of non-moving party's claim or (2) showing the Court that the non-moving party's evidence is insufficient to demonstrate an essential element of the nonmovant's claim. *Celotex*, 477 U.S. at 323-25, 331. Because Defendant has not offered any affirmative evidence in support of its motion beyond the arguments of counsel, it appears that Defendant is proceeding under the second option. *See* Doc. 50 at 3. That is, Defendant seeks summary judgment on the ground that Plaintiff, who will bear the burden of persuasion at trial on the NMUPA claim, has insufficient evidence to support essential element(s) of the NMUPA claim. *See Celotex*, 477 U.S. at 331; *see also* 10A Wright & Miller, Federal Practice & Procedure § 2721.1 (4th ed.) (noting that "it is not necessary for the movant to introduce any evidence in order to prevail on summary judgment, at least in cases in which the nonmoving party will bear the burden of proof at trial. The movant can seek summary judgment by establishing that the opposing party has insufficient evidence to prevail as a matter of law, thereby forcing the opposing party to come forward with some evidence or risk having judgment entered against him.").

Defendant summarily argues that it is entitled to summary judgment on the NMUPA claim because Plaintiff is unable to meet the "essential element" of showing "some alleged negligent act and/or negligent conduct" by Defendant. Doc. 48 at 3; *see also* Doc. 50 at 3 (Defendant's reply brief arguing that it has "demonstrated an absence of material fact on

negligence"). Defendant alleges that its conduct was "non-negligent" and that "an intervening action by another party over which Defendant [] had no control resulted in Plaintiff's loss and alleged damages." *Id*. at 3-4. I recommend that the Court reject these arguments because Defendant's conclusory allegations that Plaintiff has insufficient evidence of culpable conduct do not satisfy Defendant's Rule 56 burden of production. As the Supreme Court emphasized in *Celotex*, "a conclusory assertion that the plaintiff has no evidence" is insufficient to meet the moving party's Rule 56 burden or production. 477 U.S. at 328 (White, J., concurring). Here, Defendant's conclusory and self-serving assertions fail to demonstrate that Plaintiff has no evidence of 'knowingly made' false or misleading representations.[5]

Defendant also vaguely refers to a duty requirement in its reply brief, arguing that there is a lack of evidence that it "owed a duty" to Plaintiff. Doc. 50 at 3. Defendant, however, failed to make this argument in its opening brief. *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016 ("a party waives issues and arguments raised for the first time in a reply brief"); *See also Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp.*, 2012 WL 1132527, at *15 (D.N.M. Mar. 22, 2012) (Browning, J.) ("[R]eply briefs reply to arguments made in the response brief-they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.") (internal citation omitted). Furthermore, although the NMUPA imposes a duty to "disclose material facts reasonably necessary to prevent any statements from being misleading," *Smoot v. Physicians Life Ins. Co.*, 2004-NMCA-027, ¶ 15, 87 P.3d 545,

---

[5] In addition, perhaps as a consequence of its failure to identify the elements of a NMUPA claim or to set forth the applicable case law, Defendant fails to recognize that the culpability standard for NMUPA claims is "knowingly made" misrepresentations. *See Atherton v. Gopin*, 2015-NMCA-003, ¶ 47, 340 P.3d 630 ("'knowingly made' is an integral part of all UPA claims and . . . must be the subject of actual proof."); *see Robey v. Parnell*, 2017-NMCA-038, ¶¶ 48-51, 392 P.3d 642 (holding that "the language used by the UPA requires a 'knowingly made' misrepresentation[] rather than a negligent misrepresentation" and discussing the difference between these two standards).

13

Defendant does not seem to be raising the NMUPA's duty requirement at all in its brief. Rather, Defendant mentions duty solely in the context of asserting that (1) it does not owe a duty to Plaintiff because, as an inmate, he "is not entitled to commissary access," and (2) Defendant only owes a "duty to the NM Dept. of Corrections to operate the commissary in a manner consistent with the institutional rules and regulations and in accordance with [its] contract." Doc. 50 at 2-3.

In sum, I recommend finding that Defendant has failed to meet its initial burden of production under Rule 56. As Professors Wright and Miller have noted, "the party moving for summary judgment cannot sustain its burden merely by denying the allegations in the opponent's pleadings, or merely by asserting that the nonmovant lacks evidence to support its claims. The movant must show why the opponent's allegations of fact are insufficient to support the claim for relief as a matter of law or why the court should conclude that its opponent lacks sufficient evidence." *See* 10A Wright & Miller, *supra* § 2727.1 (footnotes omitted). Because Defendant has not fully discharged this initial burden of production, I recommend denying its motion for summary judgment. *See Celotex*, 477 U.S. at 332 (Brennan, J., dissenting) ("If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the Court need not consider whether the moving party has met its ultimate burden of persuasion.").

## IV. Conclusion

Based on the foregoing, I recommend that the Court:

1. Deny as moot Plaintiff's Motion to Oppose (Doc. 38);
2. Deny Defendant Access Corrections' Motion to Strike (Doc. 40); and

3. Deny Defendant Access Corrections' Motion to Dismiss or Motion for Summary Judgment (Doc. 48).

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**